WILSON v. GREEN, WEARE & BENTON.

1. **Trust:** BREACH OF: STATUTE OF LIMITATIONS. While the statute of
limitations will not run against an express trust during its continu-
ance, yet wherever there is a violation of the terms and conditions of
the trust a right of action at once accrues, and the statute commences
to run.

*Appeal from Linn District Court*

FRIDAY, OCTOBER 11.

ACTION in equity. The petition states that in March, 1857,
the defendants were engaged in business at Council Bluffs,
Iowa, as bankers, general collection and real estate agents;
that the plaintiff then and ever since has resided in Pennsyl-
vania, and on the 6th day of said month he "entered into a
verbal agreement with the defendants, under which he sent
them one thousand dollars, which defendants agreed to receive
and hold in trust for him, and as soon thereafter as opportu-
nity should present itself invest the same or an equal sum in
real estate for the use and benefit of the plaintiff," * * *
such investment to be made in "plaintiff's name, or if in their
own name, to hold the same in trust for plaintiff's use and
benefit;" that defendants have wholly failed to account for
said money or investment, although the plaintiff in April,
1870, made a demand therefor. An accounting is asked, and
a judgment prayed for the amount due.

The defendants, in their answer, admit the receipt of the
money, but deny the other allegations in the petition. They

allege the money was to be invested as they thought best, and that they guaranteed to the plaintiff interest thereon at the rate of forty per cent per annum; that the money was placed on their books to plaintiff's credit, and was used in their business operations, no real estate having been purchased therewith; that shortly after the receipt of the money defendants sold out to Benton & Town, to whom the same was transferred, and plaintiff duly advised thereof. As a further defense the statute of limitations was pleaded.

There was a reference, and a finding of facts and conclusions of law made by the referee, to which exceptions were filed by the defendants; but the same were overruled, and judgment rendered against the defendants for one thousand dollars and interest. The defendants appeal.

*Hubbard, Clark & Deacon*, for appellants.

*West & Eastman* and *Thompson & Davis*, for appellees.

SEEVERS, J.—Regarding this cause as triable only on errors duly assigned, we proceed to a consideration of the questions presented in the record.

1. TRUST: breach of: statute of limitations.

The facts upon which the case must turn are not and cannot be disputed. Whatever agreement was entered into was by correspondence, and whether a trust was created must be determined therefrom.

In March, 1857, the plaintiff wrote to the defendants making inquiry as to the opportunities for making investments, to which the defendants replied on March 6th: "We can at this time make a good cash investment in real estate here for you; one that will we warrant to yield forty per cent for the next five years." Whereupon the plaintiff sent the defendants one thousand dollars, the receipt of which was acknowledged April 13, 1857, and the following statement made in addition to the foregoing: "We shall invest this amount as stated in our former letter, and will guarantee any investment we may make to yield forty per cent per annum."

It is claimed the foregoing establishes an express trust. Without stopping to discuss whether this is true or not, or the nature and extent of the trust, the claimed proposition will be conceded.

In July, 1857, the plaintiff wrote the defendants making inquiries as to the disposition made of the money. This letter was responded to by Benton & Town under date of August 19th, and it was stated in such letter that "the amount you sent us this spring we invested at forty per cent interest." In November following the plaintiff again wrote the defendants making inquiries as to the investment. To this Benton & Town replied January 4, 1858: "You need have no fear about the investment of the one thousand dollars you sent us. *  *  * We will take care to have it secure." The letter head used on this occasion showed that Benton & Town were successors of the defendants.

In June, 1858, the plaintiff wrote Benton & Town: "Please to advise me at earliest convenience what disposition was made of the interest which became due last April on the funds I sent to Green, Weare & Benton in April, 1857, and please state who the parties are who have the funds, and how they are secured. *  *  * Your favor of January 4th was received, stating that the funds were all right, and that you would attend to it." On July 10, 1858, Benton & Town replied: "We invested the interest at the time it fell due. The money is loaned to different parties promiscuously with other loans in different amounts till April next." The foregoing is the whole correspondence relating to the subject-matter of this action, which was commenced in October, 1874. The defendants, with a slight exception on the part of one of them which is not material, are and have been residents of this State since 1857.

It may be admitted the statute of limitations will not run against an express trust during its continuance, the reason being briefly stated that during the existence of the trust the possession of the trustee is the possession of the beneficiary. Therefore, a right of action does not accrue until there

has been a violation of the terms and conditions of the trust. But whenever there is a breach of the trust a right of action at once accrues. At least such is true if the beneficiary has knowledge of the breach. Such action may be in equity for an accounting, or at law for the recovery of the money from the trustee personally. *McGregor v. McGregor*, 9 Iowa, 65.

If A., holding the title to lands for the benefit of B., sells them, and appropriates the proceeds to his own use, an action at once accrues if B. was entitled to receive such proceeds.

The theory of the plaintiff is that there was a trust, and that it consisted in the receipt of the money to be invested in lands for his use and benefit. There was a breach of such trust when the money was mingled with other funds, and loaned out promiscuously or invested in any way different from the trust. The plaintiff must have known of the misappropriation of the money when he received the letter of August 19, 1857, or when he wrote the letter of June 24, 1858, or received that of July 10, 1858, and it is not material which of said dates is the correct one.

Knowing of the misapplication of the money, and that it had not been invested in accordance with the trust, a right of action at once accrued, and no demand was required. The conversion or misappropriation obviated the necessity of a demand.

The statute began to run from such time, even though it be true that jurisdiction of the subject-matter existed both at law and equity. Story's Equity Jurisprudence, §§ 529, 1520.

More than sixteen years elapsed between the time the action accrued and the commencement of this action. The bar of the statute was, therefore, complete.

If it be said the misappropriation of the money was a fraud, nevertheless the action is barred, because the fraud was known to the plaintiff for a much longer time than the statutory period.

REVERSED.