JOHN W. McCoy, PARMELA McCoy, and S. J. McCoy
*vs.* ELLIOTT O'DONNELL POOR, M. A. GROOSCOES,
H. T. ARNOLD, and others.

*Case of alleged Breach of Trust—Laches, and Lapse of time—
Presumed acquiescence—Right of Parties interested in Re-
mainder, and also in the Present income of a Trust Estate, to
sue for a Breach of trust, before the Expiration of the pre-
ceding Life Estate—Acquiescence presumed from long Delay
in asserting Adverse claims—Delay to be accounted for to
Justify the interposition of a Court of Equity.*

On the 22nd of Nov., 1824, certain real estate was conveyed to J.
O'D. in trust for D. H. P., for her sole and separate use, and to
apply the clear income of the same to, or towards the support and
maintenance of the said D. H. P. and her children, and the educa-
tion of said children, in such manner as the said J. O'D. or his
heirs might think proper; with a power to the said J. O'D. and
his heirs to sell and re-invest the proceeds. And upon further
trust that the said proceeds of sale should be invested, and the
income thereof applied during the life of D. H. P. to the support
and maintenance of the said D. H. P. and her children; and from and
after the decease of the said D. H. P., then so much of the specific estate
and property thereby conveyed, and of the stocks and estate in
which the proceeds of any portion of the trust estate should be
invested as might then be remaining in the hands of, or under the
control of, the said trustee or his heirs, in trust for all the children
and descendants of the said D. H. P. who shall survive her, and
the heirs of such children and descendants forever, as tenants in
common; the issue of any deceased child of the said D. H. P. to take
the part, share or portion to which their or its parents would, if
living, be entitled. D. H. P. died on the 25th of October, 1872.
Seven years after her death a bill was filed by her children and
descendants alleging that certain persons, named in the bill as
defendants, claimed title to said property under a conveyance,
made the 15th of October, 1830, from said J. O'D. and the said
D. H. P. and her husband, to J. C., in consideration of the sum of
one dollar, the said deed being made with intent to defeat the said

deed to J. O'D. and the trusts declared therein in favor of the complainants; and they charged that said deed was void as to them; that up to a very short time before the filing of the bill they were ignorant of their rights, having always been informed by said D. H. P. and her counsel that she individually owned the entire equitable fee simple in all the property conveyed to J. C., and that by such assertions they had been deluded and deceived, and kept in ignorance of their rights in the premises; and asked a reconveyance of the property held by the defendants, to some person in trust for them, the trustee J. O'D. being dead. It appeared in proof that the youngest child of D. H. P. was of full age thirty-six years before the filing of the bill. HELD:

1st. That the complainants, in preferring to accept the statements made to them in regard to the effect of the deed to C., to taking the trouble to examine for themselves, neglected to do what was reasonably incumbent on them to do; so that they did not exercise that reasonable diligence which a Court of equity requires to appear, before it will interfere to enforce a claim thus situated.

2nd. That although it is a general doctrine, that it can never be maintained that the acquiescence of a party under ignorance of his rights operates as a waiver of his claim, or as a confirmation of anything done against him, and that the *onus* of showing ignorance is not on the party so acquiescing; yet there are cases, as this was, where parties are in such position of interest that they ought to assert their rights, if they do not acquiesce, and from great lapse of time are presumed to have acquiesced.

3rd. That the doctrine that the complainants were not bound to assert their rights until the death of D. H. P., when their equitable remainder in fee could be enjoyed, is only applicable where the title is purely reversionary, and no present interest exists.

4th. That the children of D. H. P. being entitled by the express terms of the deed to J. O'D., to a reasonable support out of the income of the estate during her life, if needed, it was their duty to look after their rights, and see to it that the fund from which they were entitled to relief in necessity, was kept intact; and that the property was not wasted by breaches of trust on the part of the trustee or trustees having the same in charge. And if a breach of the trust, such as was complained of, was actually committed, upon proper application within proper time, adequate relief would have been afforded.

McCoy, *et al. vs.* Poor, *et al.*

5th. That the diminution of the estate from which the income, in which the complainants had a continuing and subsisting interest, arose, and the consequent prevention of the increase of the principal by the re-investment of surplus revenues, and the actual decrease of the revenue, was as much an interference with their rights *in præsenti*, as the attempted disposal of the fee was to their future rights.

6th. That the complainants, therefore, could not excuse, and successfully defend their delay in asserting their rights, on the ground that they were not bound to object, and assert their rights, till their estates in remainder had come into possession.

7th. That from all the facts in the case; they must be presumed to have known the true state of the title of J. O'D., D. H. P., and J. C.: and to have fully understood what was done by them respectively with reference to the estate, and from the long delay in asserting their adverse claim, they must be presumed to have acquiesced in what was done, whether the fact be so or not.

8th. That under all the circumstances, the delay in instituting proceedings was not sufficiently accounted for or excused, to justify the interference of a Court of equity in their behalf.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON, and IRVING, J.

*Henry Stockbridge* and *Severn Teackle Wallis,* for the appellants.

*J. Wilson Leakin* and *I. Nevett Steele,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The appeal in this cause is from a decree of the Circuit Court of Baltimore City, dated the 4th of March, 1880, whereby certain conveyances, under which the appel-

lants claim title to certain real estate in Baltimore, are set aside and declared void.

The bill charges, that the appellees are the children and descendants of Deborah H. Poor. It alleges that in the division of her father's real estate, made in the High Court of Chancery of Maryland, an amount of real estate valued at upwards of seventy-seven thousand dollars was distributed to Deborah H. Poor, (wife of Dudley Poor,) under whom the complainants claim; and that the lot of ground specially described in the bill, and the subject of this suit was included in the allotment so made to Mrs. Poor; that this lot, with others, was conveyed by Deborah H. Poor and Dudley Poor, her husband, to Columbus O'Donnell and John H. Poor, in trust, with full power to the said Deborah H. Poor as to all the estate and property thereby conveyed, to sell and dispose of the same absolutely as she might think proper to direct; the said deed bearing date the 24th day of August, 1816. The bill further charges, that "Deborah H. Poor, by virtue of the power reserved by the deed of the 24th of August, 1816, revoked the same, and together with John H. Poor and Dudley Poor conveyed the above mentioned lot and other property, (assigned to her by the decree above referred to,) to John O'Donnell in trust, to hold the same in trust for the said Deborah H. Poor, for her sole and separate use, and to apply the clear income of the same to or towards the support and maintenance of the said Deborah H. Poor and her children, and the education of said children in such manner as the said John O'Donnell or his heirs might think proper, with a power to the said John O'Donnell or his heirs to sell and reinvest the proceeds. And upon the further trust, that the said proceeds of sale should be invested, and the income thereof applied during the life of Deborah H. Poor to the support and maintenance of the said Deborah and her children, and from and after the decease of the said Deborah, then

so much of the specific estate and property thereby conveyed, and of the stocks and estate in which the proceeds of any portion of the trust estate should have been invested, as might then be remaining in the hands of or under the control of the said trustee or his heirs, in trust for all the children and descendants of the said Deborah H. Poor, who shall survive her, and the heirs of such children and descendants forever, as tenants in common, the issue of any deceased child of the said Deborah to take the part, share or portion to which their, or its parents would, if living, be entitled."

The bill further charges, that the respondents " claim title under a conveyance from John O'Donnell and the said Deborah H. Poor and Dudley Poor, to one John Carrere for and in consideration of the sum of one dollar, the said deed being made with intent to defeat the said deed to John O'Donnell and the trusts declared therein in favor of your orators, and they charge that the said deed to Carrere having been so made to defeat and overreach your orators' estate in remainder was wholly void as to them, and was sufficient and effectual only in so far as to pass the life estate of the said Deborah H. Poor."

The bill further charges that Deborah H. Poor died on the 25th day of October, (1872,) eighteen hundred and seventy-two, and that her husband had died in the year (1860) eighteen hundred and sixty. It further charges, that the deed to John O'Donnell was dated the twenty-second day of November, (1824,) eighteen hundred and twenty-four, was duly acknowledged and recorded, and was notice to the appellees of its contents and the title it conveyed ; that by it the appellees took a vested estate in fee simple in remainder, subject to be divested by the valid exercise of the power of sale and reinvestment by John O'Donnell and his heirs, which was never validly exercised ; and that by the death of " Deborah H. Poor, they have become entitled to an equitable fee simple in

the property." The bill further charges, that the complainants have never directly or indirectly received "any benefit from the said property or any proceeds of any sale made by said Carrere and Deborah H. Poor, or any other person;" "and that the respondents (appellees) have refused to give any account of the rents and profits, or give the complainants possession of the property;" and that without the aid of a Court where trusts are administered, they are remediless. The bill alleges, that up to a very short time before the filing of their bill they were ignorant of their rights, having always been informed "by said Deborah and her counsel, that she individually owned the entire equitable fee simple in all the property transferred to Carrere;" and that by such assertion they have been "deluded and deceived, and kept in ignorance of their rights in the premises." The bill then prays a re-conveyance of the property held by the appellees to some person in trust for them, as John O'Donnell has been some time dead, and for such relief as their case may require. These are the main and essential allegations of the bill. The gravamen of it is, that a breach of trust has been committed by John O'Donnell, the trustee, in the conveyance to John Carrere, and that the complainants are entitled to have that deed set aside and appellants' title declared void, and the property acquired by the appellants (by sundry title papers all deriving their virtue from the conveyance to John Carrere, which was in breach of the trust) restored to the trust estate, and to trustees for appellees' benefit.

The appellants deny that there was any breach of the trust by John O'Donnell, when he, together with Deborah H. Poor and her husband, and Columbus O'Donnell conveyed the property to Carrere; and they insist that John Carrere acted in the due and proper discharge of his duty under the trust reposed in him, when by the consent of the *cestui que trust* Deborah H. Poor, (testified by her

and her husband's joining in the deed,) he conveyed the property to Corbin Amos, from whom by mesne conveyances appellants claim for full and valuable consideration; and that their title is good; and that they have been in the undisputed and undisturbed possession of the property for more than forty years, and that they have made valuable improvements on the same, without notice of any claim, or any pretence of claim thereto on the part of any one. In substance this is the appellants' answer, and they insist that the complainants' claim is neither legal nor equitable, and that they should not be permitted to disturb the possession of the appellants so long enjoyed without challenge. The answer also denies the jurisdiction of the Court to entertain complainants' bill.

In this Court the appellants, by their counsel, have contended that the decree should be reversed for three reasons; first, because they insist that by a true construction of the powers of the several deeds involved in the controversy, there has been no breach of the trust, and certainly none which can affect the title of the appellants : secondly, because, conceding a breach of trust was committed, and that appellants' title might, within proper time have been impeached, still the appellees have, by lapse of time and gross *laches*, been precluded and estopped from recovering : and thirdly, because the claim of the complainants is fully cognizable at law and not within the jurisdiction of a Court of equity. We do not find it necessary to consider and decide the question whether there has been such breach of the trust as was found by the learned Judge of the Court below, and upon which he based the decree from which appeal has been taken. Without deciding that such breach was committed, we shall, for the purposes of this decision, assume that the decision of the Court below was right in that particular. We shall also assume without passing on the point, that the Court below had jurisdiction over the subject; for we find suffi-

cient ground for reversing the decree and dismissing the bill, under the second ground relied on, without extending this opinion by a discussion of the other questions.

Judge TANEY in *McKnight vs. Taylor,* 1 *Howard,* 168, says, "it is *not merely* in analogy to the Statute of Limitations, that a Court of equity refuses to lend its aid to stale demands. There must be conscience, good faith and reasonable diligence to call into action the powers of the Court. This Court in *Nelson vs. The Hagerstown Bank,* 27 *Md.,* 74, affirm the same doctrine, and cite that authority and numerous others in support of that position. In the same case, and also in *Syester vs. Bremer,* 27 *Md.,* 288, this Court has said that "what is *laches,* and lapse of time depends upon the circumstances of each particular case."

The deed to John Carrere from John O'Donnell and others, which is relied on as the breach of trust on the part of John O'Donnell, trustee, was executed on the 15th of October, (1830,) eighteen hundred and thirty; and the conveyance of Carrere alleged, and relied on as in furtherance of the breach of trust, and under which appellants' title is derived, are all prior to the year 1840. Nearly fifty years had elapsed from the date of the deed of John O'Donnell to Carrere, before the institution of this suit; and more than forty years after Corbin Amos, under whom appellants claim, had acquired his title.

It appears from the proof, that all the children of Mrs. Poor were under twenty-one years of age, when the deed to John Carrere was made and executed; but that two of them were over twenty-one years of age when the deed from Carrere and others to Amos was. made; and the others were near their majority. It also appears from the record and proof that the youngest of Mrs. Poor's children was of full age, thirty-six years before the filing of this bill. Not only were these several deeds recorded, and

notice to the world of what they contained, and the title
they professed to convey; but it is admitted that these
parties knew of the existence of the Carrere deed from
O'Donnell, whereby the breach of trust was originally
committed, as is alleged. It appears that they must have
inquired of its nature; for they charge in the bill, that
Mrs. Poor and Carrere always told them that they were
possessed of the absolute estate. It is true they allege
.that by this statement they were deluded; but no fraud is
alleged, or fraudulent device shown to have been adopted
to keep them in ignorance of their rights. If Mrs. Poor
and Mr. Carrere were mistaken in their judgment about
their rights, the complainants, by examination of the
deeds, which were not concealed, but were of record in
the public office provided for such papers, could have
ascertained the true state of the title and their rights.
Preferring to accept the statements made to them, and
which for aught that appears, may have been made in per-
fect good faith, to taking the trouble to examine for them-
selves, they neglected to do what we think was reasonably
incumbent on them to do; so that they did not exercise
that reasonable diligence which a Court of equity requires
to appear before it will interfere to enforce a claim thus
situated.

In reply to the defence set up by the appellants, that
the appellees are barred by *laches*, the counsel for appel-
lees have cited *Bennett vs. Colley*, 2 *Mylne and Keene*,
225, and *Howard vs. Carpenter*, 11 *Md.*, 280, where the
doctrine is laid down that " it can never be maintained,
that the acquiescence of a party, under ignorance of his
rights, operates as a waiver of his claim, or as a confirma-
tion of anything done against him;" and that the *onus*
of showing ignorance is not on the appellees. Although
that is a correct statement of the general doctrine, yet
there are cases, as we think this is, where parties are in
such position of interest that they ought to assert their

rights if they do not acquiesce, and from great lapse of time are presumed to have acquiesced.

But it is urged by the counsel for appellees, that they were not bound to assert their rights until after Mrs. Poor's death, when their equitable remainder in fee could be enjoyed. *Section* 850, *of Perry on Trusts,* and *Life Association of Scotland vs. Siddal,* and *Cooper vs. Greene,* 3 *De Gex, Fisher & Jones,* 77, have been cited as authorities for that position. The doctrine there maintained, is only applicable where the title is purely reversionary, and no present interest exists. The argument of appellees' counsel, has proceeded on the theory that such is the case as to them; but in our opinion, such is not the case.

According to the true construction of the deed to John O'Donnell, it is clear that these appellees took present and immediately enjoyable rights, in addition to the remainder in fee; and it is nowhere asserted in the proceedings that they were ignorant of their rights in that regard. By the express terms of the deed to John O'Donnell, it was in trust to apply the income of the estate to the support and maintenance of Mrs. Deborah H. Poor and her children, *during* the *natural life of Mrs. Poor.* The education of the children according to the discretion of the trustee, was also provided for. There is no restriction of their support and maintenance from the income arising from the estate to the period of the respective attainment on the part of the several children of full age; nor to the time when they should respectively marry, nor to any other period, except during the life of their mother, Mrs. Poor; on *whose death* they were entitled to the equitable fee in equal shares. There can be no doubt under the language of that deed, if any of the children, after majority, had needed and applied for a support from that estate, that a reasonable support would have been accorded by a Court of equity, if it had been refused by the trustee. The period limited for the right to such

enjoyment by the deed, is during the life of Mrs. Poor; and no other arbitrary period for the cessation of such right could be interpolated by proper construction. Having such rights, it was their duty to look after them, and to see to it that the fund, from which they were entitled to relief in necessity, was kept intact—and that the property was not wasted by breaches of trust, on the part of the trustee or trustees, having the same in charge. The Courts were open to them, and if a breach of the trust, such as is complained of, was actually committed, upon proper application, within proper time, adequate relief would have been afforded. The diminution of the estate, from which the income in which the appellees had a continuing and subsisting interest arose, and the consequent prevention of the increase of the principal, by the re-investment of surplus revenues, and the actual decrease of the revenue, was as much an interference with their rights in *præsenti*, as the attempted disposal of the fee was to their future rights. Both were existing and vested rights; one of present enjoyment, the other of future possession; but both were alike infringed, if the breach complained of was actually committed. The appellees, therefore, cannot, in our opinion, excuse and successfully defend their delay in asserting their rights, on the ground that they were not bound to object and assert their rights till their estates in remainder had come into possession. There was equal obligation to assert their claim, because of their right to maintenance from the fund or estate. From all the facts in the case, they must be presumed to have known the true state of the title of John O'Donnell, Mrs. Poor and John Carrere, and to have fully understood what was done by them respectively, with reference to the estate, and from the long delay in asserting their adverse claim, they must be presumed to have acquiesced in what was done, whether the fact be so or not. As has been before stated, the breach complained

McCoy, *et al. vs.* Poor, *et al.*

of, is alleged to have been committed forty-nine years before the bill of complaint was filed; and the youngest child of Mrs. Poor was of full age thirty-six years before the bill was filed. *Seven years* after Mrs. Poor's death, (the period when by their own theory they were bound to assert claim,) were allowed to pass before proceedings were commenced. Under all the circumstances, we think this delay is not sufficiently accounted for or excused to justify the interference of a Court of equity in their behalf. A title purchased for full value, in good faith, so long possessed and enjoyed without question, ought not to be disturbed in such case. Statutes of Limitation are intended to give repose to possession, and title long asserted without resistance. If *laches were* only applied in analogy to the Statute of Limitation, the appellees in this case have not satisfactorily shown themselves entitled to relief. Twenty years adverse possession would bar at law, and if this were a suit at law, sufficient facts do not appear to us to have been alleged and proved to secure a recovery. Certainly, there are no such allegations and proofs as a Court of equity can regard as sufficient to save the case from the effect of the equity rule, requiring diligence in the assertion of rights to entitle to relief. The decree will be reversed, and the bill will be dismissed.

*Decree reversed, and*
*bill dismissed.*

(Decided 14th April, 1881.)