## NEAL v. BLECKLEY.

1. APPEAL—EXCEPTIONS.—Grounds not urged before Circuit Judge will not be considered on appeal.

2. DEMURRER—PLEADING.—A complaint cannot be dismissed on oral demurrer when it states facts sufficient to constitute a cause of action as to any of the plaintiffs.

3. TRUST—TRUSTEE—CESTUI QUE TRUST—PARTIES.—If a trustee commit a breach of trust, and third persons obtain the benefit of it, with knowledge of the trust, they must be joined as defendants in a suit by the *cestui que trust*.

4. TRUST—TRUST DEED—CESTUI QUE TRUST.—Trust deed construed to mean that the trustee must account for the rents, profits, &c., of the lands, but that he was authorized to use such income for the support and education of the *cestuis que trustent*, and for this purpose he could sell the product of the lands.

5. TRUSTEE—DEBTOR AND CREDITOR — SUBROGATION— ACCOUNTING. A party giving credit to a trustee does so in his individual capacity, but the trustee may reimburse himself for proper expenditures out of the accumulations of the trust estate, and such creditor has an equity to be paid out of such accumulations, if he can show that the debt was contracted for benefit of trust estate.

6. IBID.—ACCOUNTING—DEBTOR AND CREDITOR.—A creditor of a trustee is liable to the *cestui que trust* for so much of the trust estate as he knowingly receives and applies to the individual debts of the trustee.

7. IBID.—THE STATUTE OF LIMITATIONS do not run against a *cestui que trust* in bringing an action against the trustee and a third person for breach of trust, until he has notice of the breach.

8. IBID. — TRUSTS — ESTOPPEL— ACCOUNTING. — Parties participating with the trustee in a breach of trust are estopped from urging against the action by the *cestui que trust* for an accounting, that the time for the termination of the trust estate has not arrived.

Before GARY, J., Anderson, May, 1897.　Modified.

Action by Mary L. Neal, Sarah V. Neal, and Elizabeth A. Neal, Cynthia O. Neal, and John B. Neal, the junior, by their guardian *ad litem*, Sarah C. Neal, against Sylvester Bleckley, J. J. Fretwell, and Elijah W. Brown, jr., Ralph W. Brown, and Samuel D. Brownlee, as executors of the last will and testament of Elijah W. Brown, deceased, and John B. Neal, defendants, on following complaint:

1. That on the 17th day of January, 1882, one A. M. Neal executed and delivered to the defendant, John B. Neal, his executors, administrators and assigns, as trustee for the plaintiffs above named, a deed of conveyance for all that tract of land, situated in the county of Anderson and State aforesaid, containing about 600 acres, more or less, and for full description of said tract of land reference is hereby made to said deed, which is recorded in the office of the register of mesne conveyance for the county of Anderson, in book WW, pp. 627 to 629. 2. That the said tract of land was conveyed to the said John B. Neal in trust to and for the sole and separate use, benefit and behoof of his children, the plaintiffs, Mary L. Neal, Sarah V. Neal, Elizabeth A. Neal, Cynthia O. Neal and J. B. Neal, junior, and Alfred McDonald Neal, since deceased, until the youngest of them shall have become of age, in that event the estate herein conveyed to vest in fee simple in said children, their heirs and assigns forever. 3. That said deed of conveyance provided that if, before the youngest of said children shall become of age, any of the said children of the said John B. Neal shall die without bodily heirs, then the share of such child or children so dying shall be equally divided between the survivors, and the said Alfred McDonald Neal did die before said event without bodily heirs. 4. That during the years 1882, 1883, 1884, 1885 and 1886, the defendant, John B. Neal, the trustee of the plaintiffs, made and delivered to Bleckley, Brown & Fretwell, a mercantile firm, consisting of the defendants, Sylvester Bleckley, J. J. Fretwell and E. W. Brown, the senior, doing business in the city of Anderson under that partnership name and style, agricultural liens and mortgages over all the crops made during those years on the trust land hereinbefore described, under and by virtue of which the said Bleckley, Brown & Fretwell seized, sold and appropriated to their own use all the crops made on said lands during those years. 5. That the value of the crops of corn, cotton and other produce taken, applied and appropriated during the year 1882, was the sum of $1,000;

during the year 1883, the sum of $1,100; during the year 1884, the sum of $1,500; during the year 1885, the sum of $2,500; and during the year 1886, the sum of $2,000, and also four mules which belonged to the plaintiffs, worth the sum of $500, the said property so illegally taken being worth in all $8,600.   6.  That most of said property was taken by virtue of the liens and mortgages hereinbefore mentioned, but some portion thereof was applied on the individual accounts and indebtedness of J. B. Neal.   7.  That the said John B. Neal has no power or authority to give a mortgage or lien on said crops under the trust deed hereinbefore referred to, or to apply to his debts the proceeds of said lands, and at the time the said Bleckley, Brown & Fretwell dealt with him concerning the same, they well knew he was dealing with trust property.   8.  That at the time the said property was seized or appropriated, the firm of Bleckley, Brown & Fretwell, copartners trading under that name and style, was composed of the defendants, Sylvester Bleckley, J. J. Fretwell and E. W. Brown, the senior.   9.  That on or about the 1st day of March, 1891, the said E. W. Brown departed this life, leaving of force a last will and testament, wherein he appointed the defendants, Elijah W. Brown, the junior, Ralph W. Brown and Samuel D. Brownlee as executors thereof, who have been duly qualified as such executors, and entered upon the discharge of their duties as such.   10.  That the defendant, John B. Neal, is insolvent, and a judgment against him would be worthless.   Wherefore, the plaintiffs ask judgment against the defendants in the sum of $8,600, the value of the property which they have wrongfully taken and appropriated to their use belonging to these plaintiffs, and for such other relief as may be just and proper.

All of the defendants except John B. Neal, answer as follows:

I.  That the complaint does not state facts sufficient to constitute a cause of action in favor of these plaintiffs against

these defendants, and they pray the benefit thereof as fully as if the complaint had been demurred to for this cause.

II. And for a first defense to the said supposed cause of action: 1st. They admit the allegations of paragraph one of said complaint; so much of paragraph four as alleges that Sylvester Bleckley, E. W. Brown and J. J. Fretwell were partners at the time, and under the firm name therein set out; so much of paragraph nine as alleges the subsequent death of E. W. Brown and the appointment and qualification of the defendants named as his executors, and also paragraph ten; and they aver that said insolvency existed prior to and ever since January, 1882. 2d. They deny each and every allegation of the complaint not hereinbefore specifically admitted.

For a second defense: 3d. That they are informed and believe, and so allege, that the deed of trust referred to in the complaint, and to which the plaintiffs ask reference, will show on its face that John B. Neal, sued as defendant herein, is the legal trustee thereunder, and by virtue of the powers of said deed he alone has the right to the possession of all produce grown on the trust property, and he alone can maintain an action to recover the same or the value thereof, as he alone was empowered to use the rents, issues and profits of the said land for the purpose of educating and supporting said children; and that it does not appear by said complaint that Sarah C. Neal has ever been legally appointed guardian *ad litem* of said children, or that they or any of them are minors. 4th. That whatever farm produce came into the hands of Bleckley, Brown & Fretwell during the years 1882, 1883, 1884, 1885 and 1886 from John B. Neal, was bought by them from him in open market, without any knowledge on their part as to the land upon which the same was grown; and they deny especially, and with emphasis, the allegations of paragraph seven of said complaint. 5th. That the plaintiffs herein, who are the *cestuis que trustent* under the said deed, were, during the years 1882, 1883, 1884, 1885 and 1886, along with their father

and mother, the said John B. Neal and Sarah C. Neal, maintained and supported by advances of supplies, monies, provisions, clothing, shoes and other merchandise made to them by the said Bleckley, Brown & Fretwell, and there is now due to the said Bleckley, Brown & Fretwell a considerable sum of money for the supplies so furnished to the said John B. and Sarah C. Neal; and they further say, that by means of advances so made to the said John B. and Sarah C. Neal, they were enabled to build a comfortable dwelling house on said trust property, worth at least $1,500, for which said Bleckley, Brown & Fretwell have never received any pay whatever. 6th. That the supposed causes of action, alleged to have accrued in 1882, 1883 and 1884, did not accrue within ten years, nor did any of them accrue within six years next before the beginning of this action, and the said supposed causes of action are barred by the lapse of time, and the plea of the statute of limitations. 7th. That the supposed causes of action, alleged to have accrued in 1885 and 1886, did not accrue within six years next preceding the beginning of this action, and the same are barred by the lapse of time, and the action of the statute of limitations. 8th. That the defendants, E. W. Brown, jr., Ralph W. Brown, and Samuel D. Brownlee, as executors of E. W. Brown, deceased, say further: That they have fully administered all the goods and chattels which were of the said E. W. Brown, deceased, at the time of his death, and which have ever come to their hands as said executors, to be administered, and that they have not now nor had at the beginning of this action, or at any time since, any goods or chattels which were of the said E. W. Brown, deceased, at the time of his death, to be administered. Wherefore, defendants pray that the complaint be dismissed with costs.

The following is the decree of the Circuit Judge:

When the testimony in this case was taken, the defendants' attorneys gave notice that upon the call of the case for a hearing they would demur to the complaint, and in

accordance with said notice and upon the call of the case, a demurrer was interposed upon the following grounds: 1st. Because the complaint does not allege that Mrs. Sarah C. Neal was ever appointed guardian *ad litem* of the minor plaintiffs.   2d. Because the complaint does not allege the minority of the plaintiffs or any of them.   3d. Because no cause of action is stated in the complaint in favor of these plaintiffs against these defendants, because it appears from the deed of trust to which reference is asked, on the face of the complaint, and from other allegations of the complaint, that John B. Neal, trustee, alone has the right or power to sue for and recover rents, issues, and profits of the trust estate, for the reason that, as appears on the face of the complaint, his trust continues of force until the youngest of these children, the *cestuis que trustent*, come of age, and the legal estate is, therefore, in him until that time.   4th. Because, under the terms of the deed of trust, the children had no interest beyond a maintenance and education and support.   They could not hold the trustee liable for more than that—*ergo*, they cannot hold these strangers liable for more than he would have been responsible for, since the complaint alleges they are trustees in their own wrong through his acts or breach of trust.   5th. Because, if the allegations of the complaint are true, the trustee should have brought action for claim and delivery of personal property, at the time of the conversion for the recovery of the specific property taken.

It appears that two of the plaintiffs in the case are adults, and under the authorities of *Buist* v. *Salvo*, 44 S. C., 143, and *Burr* v. *Brantly*, 40 S. C., 538, the Supreme Court says that if the complaint states a cause of action against any of the defendants and in favor of any of the plaintiffs, it would be improper to dismiss the complaint on an oral demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.   Besides, the defects complained of do not appear on the face of the complaint, and the defects should be taken advantage of by answer and

not by demurrer. This ground of demurrer must, therefore, be overruled.

The other grounds of demurrer must also be overruled, as I am satisfied that the complaint alleges such an interest in the plaintiffs as would enable them to maintain this cause of action. A motion for nonsuit was also made in the cause, which is refused, as nonsuits do not apply to causes in equity. *Strong* v. *Weir*, 47 S. C., 307.

The cause will now be considered on its merits. On the 17th day of January, 1882, Alfred M. Neal made and delivered to his son, John B. Neal, a deed of trust whereby he conveyed a certain tract of land, therein specifically described, situate in Anderson County, State of South Carolina, containing about 600 acres, in trust to and for the sole and separate use, benefit, and behoof of his children, Mary Lee Neal, Alfred McDonald Neal, Sarah V. Neal, Cynthia O. Neal, and J. B. Neal, jr., until the youngest of them shall have become of age; in that event, the estate conveyed to vest in fee simple in said children, their heirs and assigns forever. If before the youngest of said children shall have become of age any of said children of the said John B. Neal should die without bodily heirs, then the share or shares of such child or children so dying shall be equally divided between the survivors. But if the child or children so dying should leave bodily heirs, then the share or shares of the child or children so dying shall be equally divided between them. Under the terms of said deed, the said John B. Neal (his executors, administrators or assigns), trustee as aforesaid, is hereby authorized and empowered to use the rents, issues and profits of said land in educating and supporting said children. The said John B. Neal is further authorized and empowered, whenever he deems it necessary and proper for the protection of the interest of said children, to sell said land and execute titles therefor, and reinvest the proceeds thereof in real estate of equal value for the use of said children. The said trust deed was duly recorded in the proper office in Anderson County, on the 18th day of Janu--

ary, 1882. The plaintiffs herein are the survivors of the said children. The defendant, J. J. Fretwell, admits that he knew the said plantation was deeded to said John B. Neal in trust, and the defendant, J. B. Neal, the trustee of the plaintiffs, made and delivered to the firm of Bleckley, Brown & Fretwell, of which the defendants, Sylvester Bleckley, J. J. Fretwell, and E. W. Brown, the senior, were partners, certain agricultural liens and mortgages which specifically embraced all the crops grown on the trust lands for the respective years after said trust deed was executed, to and including the year 1886, by virtue of which said firm of Bleckley, Brown & Fretwell received and obtained the benefit of the proceeds of most if not of the entire cotton, rice, wheat, oats, &c., made upon said trust land during said years. As early as the year 1883, the mortgage executed by said John B. Neal to said Bleckley, Brown & Fretwell, dated 28th April, 1883, was upon its face to secure advances to the amount of $750, made and to be made, and any excess over that amount for articles of merchandise not comprised in the legal term of "supplies," and for fourteen tons of fertilizers, and cash advances, and bagging and ties; S. C. Neal also joined in making said mortgage, which was given to secure such debts as are above enumerated, and also "all other goods and merchandise referred to or that may be purchased by us jointly or severally." Said mortgage expressly refers to said trust estate, and said John B. Neal therein does "bargain, sell, and deliver" to said Bleckley, Brown & Fretwell the following described personal property, to wit: * * * all the rents, issues, and profits of all that tract of land, containing 600 acres of land * * * being the same tract conveyed to me, as trustee for my children, by A. M. Neal, 17th January, 1882, and recorded in book UU, pages, &c. And in each year thereafter similar reference is especially made to said trust estate in the several written instruments which were made by said John B. Neal to said Bleckley, Brown & Fretwell to secure advances and other forms of indebtedness. Although the amount of in-

33—51

debtedness which Bleckley, Brown & Fretwell claimed to
be due them for the preceding years by said John B. Neal
was unpaid, a balance being left each year after applying
all credits, including the crops raised upon said trust estate
which were received, yet, on February 16, 1886, said John
B. Neal, as trustee, executed an instrument of writing, under
seal, to Bleckley, Brown & Fretwell, which was duly re-
corded, in which said John B. Neal acknowledges himself
indebted to said firm by note and accounts in various sums
of money, of which $1,800 was for money and supplies used
and expended in making improvements, such as a new two-
story frame dwelling house, several outbuildings, and other
improvements on the lands belonging to his children, fully
describing said trust lands; and the purpose of said writing
was therein stated to be to secure payment of said $1,800,
"together with the interest thereon, from November 1st,
1885, at ten per cent. per annum," &c. And all the rents
from said trust lands for the years 1886, 1887, 1888, and all
subseqnent years, were so assigned to Bleckley, Brown &
Fretwell. The trust deed was duly recorded in the proper
office, and said Bleckley, Brown & Fretwell had not only
constructive, but actual notice of the trust. The rents,
issues, and profits of said trust lands were received by Bleck-
ley, Brown & Fretwell under said written agreement, not
only without authority, under said trust deed, for the trustee
to so apply them, but for an use which should not be sanc-
tioded by a court of equity. The said rents, issues, and
profits were applied by said John B. Neal, trustee, in a
manner not authorized by said deed of trust and without
authority of law, and the said Bleckley, Brown & Fretwell
received the same with knowledge of the facts. A breach
of trust was thereby created and committed, and the said
Bleckley, Brown & Fretwell thereby became trustees, and
due and liable to the extent of such rents, issues, and profits
of said trust estate which were so received by them, and
must account to the plaintiffs for so much of said trust funds
as were so received by them. There was sufficient notice

of trust to hold said Bleckley, Brown & Fretwell liable. *McDuffie* v. *McIntyre*, 11 S. C., 563; *Salinas* v. *Pearson*, 24 S. C., 179; *Webb* v. *Graniteville Mfg. Co.*, 11 S. C., 396; *Simmons* v. *Bank*, 5 Rich. Eq., 270; *Ballou* v. *Young*, 42 S. C., 170; 27 A. & E. Ency., pp. 267–352. Rents from trust lands are trust funds in the hands of one having knowledge. *Rabb* v. *Patterson*, 42 S. C., 528; *Boggs* v. *Reid*, Rich., 450. That rents from other tracts of land were embraced in the same paper will not justify the defendants in accepting trust rents. 27 A. &. E. Ency., p. 163; *Harrison* v. *Smith*, 52 A. R., 571; *Nat'l Bank* v. *Ins. Co.*, 10 U. S., 54. The defendants, Bleckley, Brown & Fretwell, became a party to the breach of trust when they accepted trust funds knowingly and applied them to the payment of debts which the trust did not authorize, and without an order from a court of equity. 27 A. & E., p. 265; *Nat'l Bank* v. *Hyde*, 40 A. R., 218; *Simons* v. *Bank*, 5 Rich. Eq., 270; *Bomar* v. *Gist*, 25 S. C., 340.

Inasmuch as the testimony taken in this case has not been specifically directed to ascertain accurately and definitely the amount of rents of said trust estate which were paid each year to said Bleckley, Brown & Fretwell by said John B. Neal, as trustee, and in order that the facts in reference thereto may be ascertained, I have considered, for a proper adjudication of the amount due by said Bleckley, Brown & Fretwell, that further testimony be taken in the cause, and an accounting had to ascertain the same. It is, therefore, ordered, that it be referred to the master of Anderson County, to take further testimony and state an account as hereinbefore indicated. It is further ordered, that he report the same to this Court with all convenient speed.

The defendants, except John B. Neal, appeal from the said judgment upon the following grounds:

I. Because his Honor, the Circuit Judge, erred in overruling the demurrer interposed therein in behalf of said defendants; whereas the Court should have sustained the same for the reasons and upon the grounds: 1. Because the

complaint on its face does not state facts sufficient to constitute a cause of action against the said defendants, appellants herein, in that said complaint does not state or allege all the issuable facts on its face necessary to have made the judgment binding against the plaintiffs in favor of the said defendants, had the judgment been rendered in their favor; and because the Court erred in holding that the defects complained of do not appear upon the face of said complaint. 2. Because the complaint on its face shows that the breach of trust alleged, if committed as alleged, was by the firm of Bleckley, Brown & Fretwell as a firm, and said complaint on its face shows that E. W. Brown, one of the said firm, died in the first of the year 1891, which itself was a dissolution of said firm; and there is no breach of trust alleged against either of the individual members of said firm, nor is the said action against Sylvester Bleckley and J. J. Fretwell as survivors; and these defendants submit that said complaint does not state any facts whatever showing that the defendants in this action committed a breach of trust. 3. That inasmuch as in the title of said complaint Sarah C. Neal is styled as guardian *ad litem* of the three last named plaintiffs, and since the complaint does not allege the minority of any of these plaintiffs, and does not allege the appointment of Sarah C. Neal as guardian *ad litem* of any of the plaintiffs, and these being issuable facts, should have been pleaded, and not having been pleaded, the complaint is demurrable for said reason, and the Circuit Judge erred in holding that this ground of demurrer was a demurrer to the legal capacity to sue. 4. Because the Court erred in holding that this was a demurrer for want of legal capacity to sue, and should have been taken by writing or by answer; whereas he should have held that it was a demurrer upon the grounds that the complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiffs against these defendants. 5. Because where property is sought to be affected by a trust in the hand of third parties by reason of an alleged breach, it is necessary that

all parties be before the Court—that the complaint set out all the facts with certainty, requisite to identify the specific property sought to be affected in the hands of said third parties by the trust; and it is submitted that the complaint herein fails to comply with said rule in equity, and it is, therefore, demurrable. 6. Because the complaint on its face shows that the legal title to the property sought to be affected, is in, or was in, John B. Neal; for, by the terms of said deed of trust, the fee in said land was vested in said John B. Neal until the youngest of the said children attained his or her majority; and while the fee was thus vested in said trustee, the donor, A. M. Neal, declares: "The said John B. Neal (his executors, administrators or assigns), trustee as aforesaid, is hereby authorized and empowered to use the rents, issues, and profits of said land in educating and supporting said children," whereby the use of the said rents of said land now sought to be recovered became his own property; and inasmuch as there is no allegation in said complaint that said John B. Neal had failed to "educate and support" his said children, the plaintiffs, during the years mentioned, the Court was bound to presume that said John B. Neal, trustee, had discharged the said duty, and the Court erred in not so holding. 7. Because that, if the allegation of said complaint be true, to wit: that Bleckley, Brown & Fretwell, a mercantile firm, unlawfully seized the crops for said years by virtue of invalid liens and mortgages, and at the same time shows that said John B. Neal was clothed with the complete legal title thereto, then the said firm of Bleckley, Brown & Fretwell were naked trespassers, and the said trustee had a plain, adequate remedy at law to recover the said rents; and inasmuch as said complaint nowhere alleges that said trustee had refused to bring an action to recover said property, the Court erred in not sustaining the demurrer.

II. Because the testimony offered by the plaintiffs wholly fails to establish any breach of trust by these defendants, or any liability against the firm of Bleckley, Brown & Fret-

well in favor of said plaintiffs, and the Court erred in hold-
ing the firm of Bleckley, Brown & Fretwell, trustees, liable
to account to the plaintiffs under said deed of trust.

III. Because plaintiffs' testimony wholly fails to show
that these defendants obtained or received any part of the
said rents, or that the firm of Bleckley, Brown & Fretwell
seized any part of said crops by virtue of liens or mortgages;
but, on the other hand, the undisputed testimony shows
that John B. Neal and his wife, Sarah C. Neal, made ar-
rangements to get the firm of Bleckley, Brown & Fretwell
to furnish them and their tenants fertilizers and supplies
during the years mentioned, without any notice whatever
which tenants were working on the trust land, and the
crops were gathered and brought to market and sold by
John B. Neal and the tenants, and the proceeds applied to
the payment of the fertilizers and supplies as far as the
same would go; and there is still due the firm of Bleckley,
Brown & Fretwell over $2,600 on account of goods sold
during said years; and there was not a scintilla of testi-
mony to show that said firm of Bleckley, Brown & Fret-
well purchased trust crops with notice that said John B.
Neal was committing a breach of trust; and that the Court
erred in finding that "Bleckley, Brown & Fretwell received
and obtained the benefit of the proceeds of most if not the
entire cotton, rice, oats, &c., made upon said trust land
during said years," and thereby became liable to account to
the plaintiffs; whereas the Court should have held that, un-
der the terms, authority, powers, and uses set forth in said
deed, the plaintiffs could not maintain the said action to re-
cover the rents sold by the trustee, who was clothed with
the legal title thereto.

IV. Because the Court erred in assuming that the de-
fendants' motion to dismiss the complaint was one for a
technical nonsuit; whereas the motion was to dismiss the
complaint, and for judgment in favor of these defendants
on the pleadings and testimony offered by the plaintiffs,

and upon a proper construction of said deed of trust, the Court erred in not giving judgment for these defendants.

V. Because, when the Court reached the conclusion "that the testimony taken has not been specifically directed to ascertain accurately and definitely the amount of rents of said trust lands which were paid over each year to the said Bleckley, Brown & Fretwell by said J. B. Neal," that necessitated a recommittal of said case for further testimony to ascertain the same, it was an acknowledgment that the whole testimony failed to identify any of said rents supposed to be charged with a trust, and the Court erred in not dismissing the complaint.

VI. Because the testimony offered by the plaintiffs was specifically directed to the very object to which the Court says it was not directed, and it was error not to dismiss the complaint when said testimony failed in its object.

VII. Because the construction placed upon said trust deed by the Court below was erroneous; whereas the Court should have held that the authority and power therein conferred upon said trustee were commensurate with the use given to him until the youngest of said children becomes of age— that when A. M. Neal expressly authorized and empowered said John B. Neal, his executors, administrators or assigns, to use the rents, issues, and profits of said land in educating and supporting his children, it was a gift to said John B. Neal, their father; and when the proof shows beyond a doubt that said John B. Neal was and is insolvent, and has no means whereby to educate his said children, the Court erred in holding that the trustee could not sell the rents raised on said land in advance for supplies and fertilizers with which to make the crops, and also for goods and money for the trustee to enable him to educate and support his said children.

VIII. Because the testimony shows, and it was not disputed, that the agreement executed February 16th, 1886, to which his Honor makes special reference, was an admission by said trustee that said Bleckley, Brown & Fretwell

had furnished $1,800, which went into permanent improvements on said land; and the Court erred in finding "the rents, issues, and profits of said land were received by Bleckley, Brown & Fretwell under said written agreement," when there is not a scintilla of proof to show that said firm received one particle of said rents on said agreement; but the testimony shows that not one dollar on said written agreement had ever been received, and the amount and interest is still due.

IX. Because the testimony shows that John B. Neal, trustee, sold and delivered said cotton, in open market, without giving any notice whatever of any trust rents, received full value in cash, supplies, and advances, used in making said crops, from said Bleckley, Brown & Fretwell, and there is not a scintilla of proof to show that his children did not get the full benefit thereof during said years; and these defendants submit that it would be manifestly unjust, inequitable, and unconscionable, after being thus advanced in good faith, after the said advances have been entirely consumed, except the permanent improvements put on said land at the expense of said firm, and after said firm had been long since dissolved, to require these defendants to account for rents sold to said firm of Bleckley, Brown & Fretwell, as agents for other parties, and now to require the defendants to account for said rents, when they have no way whatever to know what crops grown on said trust land were thus bought by said firm; and the Court erred in not holding that said trustee had the full legal title and power to sell and dispose of said rents as he might deem proper, under the use given in said deed.

X. Because under the well established rule in equity a trustee may make advances and disbursements when necessary to carry out the trusts, and have a lien upon the trust property, and what he can do himself he can do by another; that the complaint avers the insolvency of the trustee, and the testimony not only shows that he is insolvent, but that he is without character also, and unworthy of belief; and

not having any means, any credit or any character, in his dire extremity he procured said firm of Bleckley, Brown & Fretwell to make the necessary advances for him whereby he was enabled to make crops on said land and educate and support the plaintiffs. The testimony shows that over $2,600 is still due said firm for advances thus made, and in addition the sum of $1,800 for permanent improvements on said land, not one dollar of which has been paid; and the Court erred in holding that the rents of said land were applied by said John B. Neal in a manner not authorized by law, and that Bleckley, Brown & Fretwell received the same with knowledge of the facts, and thereby committed a breach of trust and are liable to account to the plaintiffs, when there is no allegation nor any testimony whatever to show that the trustee did not use the advances to their best interests.

XI. Because the Court erred in the application to this case of the authorities cited, because in the case at bar the rents, issues and profits of said land are given to the father of said children until the youngest of them shall have attained his or her majority.

XII. Because the Court erred in holding that said Bleckley, Brown & Fretwell obtained the rents of said land under liens and mortgages with a knowledge of a breach of trust by said John B. Neal, and thereby became liable as trustees to account to the plaintiffs, when there is no proof whatever that said trustee had not fully carried out the trust so far as educating and supporting his said children out of advances made for said rents greatly in excess of their value, and when there was a complete failure to identify any of said crops.

XIII. Because all the papers referred to by his Honor show that all the advances, fertilizers, agricultural supplies, goods and merchandise, were secured first by mortgages on the 200 acres of land belonging to Sarah C. Neal, then by the personal property of John B. Neal,. and lastly by the rents of the trust land derived from the tenants for supplies furnished to make crops on said land; and during said years the cash, supplies, advances, &c., exceeded the rents and

profits of said farms by $2,600, and in addition $1,800 in the way of a comfortable two-story dwelling house, outbuildings and tenant houses on the trust lands; and the Court erred in finding that the rents of said lands were used to pay the individual debts of John B. Neal to Bleckley, Brown & Fretwell.

XIV. Because the said deed of trust nowhere requires that said John B. Neal shall turn over the rents, issues and profits of said land, or any part thereof, to said plaintiffs or either one of them, but he is authorized to use the same in their education and support until the youngest comes of age; and the Court erred in requiring the said Bleckley, Brown & Fretwell to account to the plaintiffs for any part of the rents so given to John B. Neal and sold by him, and for which he received full value.

XV. Because the testimony shows that two of said plaintiffs had attained their majority more than six years before the commencement of this action, and if they had any legal or equitable interest in said rents, their right of action accrued when they became of age; and the Court erred in not holding that they were barred by the statute of limitations.

XVI. Because these defendants are not sued as the survivors of the firm of Bleckley, Brown and Fretwell, and individually never received any part of the alleged rents, but if said firm received any rents affected by the alleged trust with a knowledge thereof (which is not admitted), it was an implied or constructive trust only, and as the said breach occurred more than six years before the commencement of the action herein, the Court erred in not sustaining the plea of the statute of limitations.

XVII. Because the undisputed testimony shows that said John B. Neal was, and is still, the trustee of said plaintiffs, with the legal estate both as to the land and the rents, issues, and profits vested in him until the youngest of said children becomes of age, and not having brought his action within six years to recover the same, alleged to have been unlawfully taken and appropriated by said firm, the statute of

limitations is a bar both as to him and said plaintiffs, and the Court erred in not so holding.

XVIII. Because the testimony shows that when said land was conveyed to John B. Neal, trustee, it was destitute of all improvements, having nothing in the way of buildings except an old log house, built with port-holes, during the time the Indians occupied the country; and the testimony shows that during the years mentioned in the complaint, that said trustee, without the knowledge of the said Bleckley, Brown & Fretwell, used as much as $1,800 of their money in putting a valuable two-story dwelling house on said land, outbuildings and tenant houses; and besides all these permanent improvements, which greatly enhanced the value of said farm, said firm advanced money to pay the taxes thereon, as shown by the receipts taken up by them at the request of said trustee, and also money and clothing, of which plaintiffs got the benefit, while being educated and supported during those years, besides all their farming implements used on said land, and also mules to make the crops; and the Court erred in holding that there were no expenditures made in those years which a court of equity could or would sanction.

XIX. Because if said expenditures were unlawful by said John B. Neal, trustee, then he perpetrated a fraud upon said firm, of which the plaintiffs are availing themselves, and these defendants submit that it would be inequitable to allow the plaintiffs to retain the benefit of said improvements while making said firm account for all the supposed rents.

XX. Because the complaint shows that one of said children died, and these defendants submit that the said trust deed nowhere gives his share in said rents to the others as survivors, but the survivorship is as to the fee in said land; and, in any event, his father, John B. Neal, who was one of his heirs, was entitled under the statute of distribution to an interest in the share of the one so dying in said rents, and could make such disposition thereof as he pleased.

XXI. Because the undisputed testimony shows that all

the cotton was bought in open market by said firm of Bleck-
ley, Brown & Fretwell from John B. Neal and tenants, and
was bought by them as agents for others; and the Court
erred in holding that the cotton, rice, wheat, oats, &c., grown
on said trust land were received by Bleckley, Brown &
Fretwell under and by virtue of liens and mortgages whereby
they became responsible to the plaintiffs as trustees, and
bound to account and pay over to them.

XXII. Because if said rents are a trust fund for the benefit
of said plaintiffs until the youngest of said children becomes
of age, and the defendants are required to account to the
plaintiffs before said use has been fully executed, it would
itself be a breach of the trust according to the judgment
herein; and the Court erred by directing such accounting to
the plaintiffs, while said John B. Neal is, by the very terms
of said trust deed, the legal custodian of said rents.

XXIII. Because said deed of trust provides that if any
of said children should die before the youngest of them
comes of age, and such child or children so dying should
leave bodily heirs, the share or shares of such child or
children so dying shall be divided equally between them;
and as said event has not happened whereby said land is to
vest in said children, the decree to account and pay over to
the plaintiffs is itself a perversion of the trust imposed by
the said deed of trust upon said John B. Neal, and the Court
erred in rendering the judgment herein for said·accounting
to the said plaintiffs.

_Messrs. Bonham & Watkins_, for appellant, cite: _Com-
plaint must state representative character of plaintiff:_ 20 S.
C., 463; 6 S. E. R., 905.  _Cestui que trust cannot sue:_ 51
N. Y., 37; Rice Eq., 367; 3 Rich. Eq., 463; Code, 227, 228.

_Messrs. Tribble & Prince_, also for appellant, cite: _Com-
plaint should allege copartnership:_ 29 S. C., 520; 45 S. C.,
638; 39 S. C., 504.  _If surviving partner solvent, represent-
ative of deceased cannot be joined:_ 1 McC. Ch., 169; Dud.
Eq., 85; II. Batch., 513; 17 S. C., 106; 10 S. C., 164; 42 S.

C., 365. *Complaint must allege appointment of guardian ad litem:* Code, 163; 25 S. C., 315; 20 S. C., 460; 44 S. C., 1; 47 S. C., 64; 16 S. C., 371. *Complaint does not sufficiently describe trust property:* 4 Johns. Ch., 281; 7 L. R. A., 570; Rich. Eq. Cases, 172. *Title in trustee—he alone can sue:* 50 S. C., 120; Rice Eq., 343; 25 S. C., 340; 3 Rich. L., 450. *Trustee reimburse himself for necessary expenses:* 1 McC. Ch., 267; 2 McC. Ch., 214; 24 S. C., 179; 42 S. C., 170, 528. *Statute is bar to plaintiff's action:* Bail. Eq., 535; 2 McC. Ch., 384; 1 McC. Ch., 476; 2 Rich. Eq., 120; Code, 112, sub. 4; 5 Vis., 144; 4 Rich. Eq., 163; 15 S. C., 242, 164; 2 Rich. Eq., 259; 18 Wall, 493; 16 S. C., 494; 50 S. C., 120.

*Messrs. J. P. Carey* and *Jos. A. McCullough,* contra, cite: *Demurrer as to guardian ad litem could not be sustained, because two adults:* 44 S. C., 143; 40 S. C., 538. *Proof of appointment guardian sufficient:* 47 S. C., 64; 44 S. C., 1; 41 S. C., 1, 394; 25 S. C., 315. *Cestui que trust can maintain this action:* 1 S. C., 172; 1 Rich. Eq., 26; 9 Rich. Eq., 184; 1 Hill Ch., 1. *Defendants knew by description of lands in mortgages that it was trust property:* 24 S. C., 179; 11 S. C., 396; 5 Rich. Eq., 270; 42 S. C., 170. *Rents from trust lands are trust funds:* 42 S. C., 528. *Purchase in open market no defense:* 24 S. C., 184; 5 Rich. Eq., 272; 11 S. C., 407; 1 S. C., 398. *Must know trust fund:* 53 Am. Rep., 571; 104 U. S., 54; Hill Ch., 1. *Trust funds cannot be applied to individual debts of trustee:* 40 Am. Rep., 218; 5 Rich. Eq., 270; 3 Rich. Eq., 450; 11 S. C., 563; 25 S. C., 340; 1 Hill Ch., 228. *Is plaintiff's action barred:* 2 Am. St. Rep., 475; 99 Am. Dec., 384; 4 McC. Ch., 143; 35 S. C., 422. *New trustee may be appointed:* 7 Rich. Eq., 480; Gen. Stat., 2097. *Trustee must separate trust property from his own:* 53 Am. Dec., 571; 104 U. S., 54; 1 Strob. Eq., 363; 14 Am. St. Rep., 332; 26 S. C., 370. *Nothing allowed for improvements unless power conferred:* 7 Am. Dec., 475; 25 N. J. Eq., 51; 48 Am. Dec., 402. *Trust deed*

*does not authorize a mortgage of rents to secure miscellaneous individual accounts:* 56 Ga., 309; 61 Ga., 246; 13 Phila., 201; 118 Ill., 275; 128 N.Y., 558; 111 N.Y., 228; 54 Mass., 471; 95 Mo., 337; 70 Ala., 596; 24 Hun., 277; 125 Mass., 138; 3 Rich., 440; 29 S. C., 278; 42 S. C., 170; 24 S. C., 179; 11 S. C., 551.

March 17, 1898. The opinion of the Court was delivered by MR. JUSTICE GARY. This action was commenced in February, 1895. John B. Neal did not answer. The case was heard by his Honor, Judge Gary, at the February, 1897, term of the Court, upon testimony which had been taken and reported by the master, and the decree herein was filed on the 21st of May, 1897. Pending the suit, the defendant, Sylvester Bleckley, died testate, and by order of the Court his executors were substituted as defendants. In order to understand clearly the questions raised by the exceptions, it will be necessary to set out the complaint, answer, decree, and the exceptions.

Some of the exceptions, complaining of error on the part of the Circuit Judge in overruling the demurrer, are upon grounds that were not urged upon him, and cannot, therefore, be considered; but we will proceed to consider those that allege error in overruling the demurrer upon the grounds presented before the Circuit Judge upon the hearing of the case.

The first ground upon which the appellants contended that the demurrer should be sustained was: "Because the complaint does not allege that Mrs. Sarah C. Neal was ever appointed guardian *ad litem* of the minor plaintiffs." Even admitting that this objection could be taken by oral demurrer upon the hearing of the case, and admitting, also, that it was necessary to allege in the complaint that Mrs. Sarah C. Neal was appointed guardian *ad litem* of the infant plaintiffs, and that these infants had not been properly made parties plaintiff, still the demurrer could not be sustained, because there were other plaintiffs in whose

behalf the complaint stated facts sufficient to constitute a cause of action. A complaint cannot be dismissed on oral demurrer when it states facts sufficient to constitute a cause of action as to any of the plaintiffs.

The second ground of demurrer relied upon by the appellants was: "Because the complaint does not allege the minority of the plaintiffs, or any of them." This objection is disposed of by what was said in considering the first objection.

The third objection relied upon by the appellants was: "Because no cause of action is stated in the complaint in favor of these plaintiffs against these defendants, because it appears from the deed of trust, to which reference is asked, on the face of the complaint, and from other allegations of the complaint, that John B. Neal, trustee, has the right or power to sue for and recover rents, issues, and profits of the trust estate, for the reason that, as appears on the face of the complaint, his trust continues of force until the youngest of these children, the *cestui que trustent*, come of age, and the legal estate is, therefore, in him until that time." The complaint alleges a breach of the trust by the trustee, and that the appellants participated in such wrongful act, with notice of the trust, and received a benefit therefrom. In Perry on Trusts, section 877, it is said: "If the trustee commit a breach of trust, and third persons obtain the benefit of it, they must be joined as defendants in a suit by the *cestui que trust*. If the trustee convey the property to a third person, with notice of the trust, or without consideration, such third person may be sued by the *cestui que trust*, and must be joined with the trustees in a suit for relief by the *cestui que trust*." In Wood on Limitation of Actions, section 208, the following language is used: "If he" (the trustee) "has estopped himself from suing by a sale of the property, thus uniting with the purchaser in a breach of his trust, *the wrong is to the beneficiaries, not to him;* and, while he cannot sue, the beneficiaries, if under any disability, are not affected by the statute" (italics ours).

Many other authorities could be cited to the same effect; but we deem it unnecessary to cite them to show that this objection was properly overruled.

The fourth objection relied upon by the appellants was: "Because, under the terms of the deed of trust, the children had no interest beyond a maintenance and education and support. They could not hold the trustee liable for more than that—*ergo*, they cannot hold these strangers liable for more than he would have been responsible for, since the complaint alleges they are trustees in their own wrong through his acts or breach of trust." The Circuit Judge at that stage of the case could not have construed the deed, as it was not before him—the complaint only making reference to its record. But waiving such objection, as it will be necessary any way to construe the deed, we will consider this objection just as if the deed was at that time properly before the Court for interpretation. The deed (omitting the formal parts), is as follows: "To have and to hold, all and singular the premises before mentioned unto the said John B. Neal, his executors, administrators or assigns, in trust, however, for the *sole and separate use, benefit, and behoof of his children*, Mary Lee Neal, Alfred McDonald Neal, Sarah V. Neal, Elizabeth A. Neal, Cynthea O. Neal, and J. B. Neal, jr., until the youngest of them have become of age; in that event, the estate herein conveyed to vest in fee simple in said children, their heirs and assigns forever. If before the youngest of said children shall become of age any of the said children of the said John B. Neal should die without bodily heirs, then the share or shares of the child or children so dying shall be divided equally between the survivors. But if the child or children so dying should have bodily heirs, then the share or shares of the child or children so dying shall descend to them and be divided equally between them. The said John B. Neal (his executors, administrators or assigns), trustee as aforesaid, is *authorized* and *empowered* to use the rents, issues, and profits in educating and supporting said children. He

is hereby further authorized and empowered, whenever he
deems it necessary and proper for the protection of the in-
terests of said children, to sell said land and execute title
therefor, and reinvest the proceeds thereof in real estate of
equal value, *for the use of said children as aforesaid*" (ital-
ics ours).   It is contended that the use of the property was
for the sole benefit of the *trustee*, subject to the provision
that the children were to receive an education and support
therefrom.   The words: *"in trust, however, to and for the
sole and separate use, benefit, and behoof of his children,"*
and the power conferred, "to sell said land and execute title
therefor, and reinvest the proceeds thereof in real estate of
equal value, *for the use of said children as aforesaid,"* mean
just what they clearly express, that the use of the land was
for the benefit of the children, and not of the trustee.   The
appellants contend that the provision of the deed that "the
said John B. Neal * * * trustee as aforesaid, is hereby
authorized and empowered to use the rents, issues and profits
of said land in educating and supporting said children,"
show that the rents, issues and profits of the land were to
be the individual property of the said John B. Neal, subject
alone to the education and support of the children, that he
was to have the income in consideration that he would
educate and support the children.   These words are found
in an independent and separate sentence, and were only
intended to confer the *power* upon the trustee, beyond all
question, to expend so much of the income as might be
necessary in educating and supporting said children.   The
express language of the deed is inconsistent with the idea
that the trustee was to be the beneficial owner of the rents,
issues and profits.   The appellants rely principally upon
the authority of *Rainsford* v. *Rainsford*, Rice's Eq., 343,
and Perry on Trusts, section 612.   In the case of *Rainsford*
v. *Rainsford*, the Court says: "In the first clause of the will
the testator gives to 'Esther eleven negroes, by name, abso-
lutely and unconditionally, and in a subsequent clause, he
makes a similar provision for his grand-daughter, Mary,

both then infant children of his son, the defendant.' The following is found in the 8th clause of the will, to wit; 'And I do hereby appoint my son Thomas (the defendant) guardian of the said Esther and Mary, and direct that he shall have the use of the property herein devised to them until they come of age or marry, for their maintenance and education.' The language of these provisions of the will, when taken together, are too plain to admit of any doubt about their interpretation. Clearly the testator intended that the defendant should have the use and possession of the negroes until his daughter arrived at the age of twenty-one, or married; that he was to maintain and educate them, and upon the happening of one or the other of these contingencies, the negroes were to be delivered over to them. The question then is, what did the testator intend by giving to the defendant the use of the negroes until the legatees came of age or married? Was it that he was to have the use as an equivalent for their maintenance and education, or did he intend that the defendant should be held to a strict account for hire? There is no question that generally the usufruct will follow the *corpus* of the legacy. But it is equally true that the testator had the legal right to confer on one a vested interest in the property bequeathed, and on another the use for a limited period, or until the happening of some contingency; and when he directs that Thomas shall 'have the use of the property,' his will is as clearly expressed, and of equal validity with the direct bequest of the *corpus* to Esther. Thomas is to have the use, and must provide for the education and maintenance of his daughters. This is the plain common sense interpretation of the language of the will. * * * The clause in question, in itself, I think, sufficiently indicates an intention that he should not be charged with hire. The testator appoints the defendant guardian of the legatees, which of itself would entitle him to the possession and charge him with an accountability for the income of the estate, and he must have intended something beyond this when he gives him

the use; and for what else but that the use should be an indemnity for the education and maintenance provided for in the will." In the case of *Rainsford* v. *Rainsford*, the words were quite different from those in this case. In that case, the use was conferred upon the *trustee*, who, by operation of law, as guardian, was entitled to the possession of the slaves, but subject to accountability for their hire, and any other construction of the will would have rendered the words nugatory that conferred the use upon the trustee. The context showed that he was given the use of the slaves in consideration of his supporting and educating the infants. In the present case, however, the deed expressly provides that the trustee was to hold "for the sole and separate use, benefit, and behoof of the children," and, in a separate clause, was only *authorized and empowered to use the rents*, issues, and profits of said land in educating and supporting said children. There is not a single expression in this deed showing that any beneficial interest was intended to be given John B. Neal in the rents, issues, and profits; but he only had the *power* to use so much of the income as was necessary to educate and support the children. We fail to see how the power to use certain trust property for a particular purpose can have the effect of making the trustee the beneficial owner of the property. Section 612 of Perry on Trusts, relied upon by the appellants, contains the following: "But when the income is *expressly given to the father* for the maintenance of his children, these rules do not apply, for such gift is in some sort a gift to the father. If income is directed to be paid to a parent 'for' or 'towards' the maintenance of children, in case of their death under twenty-one years, the shares of each, with all accumulations, is to the survivors, the father, having supported the children, is entitled to the income without account" (italics ours). The law stated in the foregoing section is not applicable to this case, for the reason that the income was not given to the trustee, but he was only clothed with a *power* for the purpose mentioned in the deed. Having

reached the conclusion that the children were entitled to the rents, issues, and profits of the land, subject to the power hereinbefore mentioned, we will at this time consider to what extent the trustee had the right to dispose thereof, and the principles upon which the accounting should be had. *First.* The terms of the deed necessarily imply that the trustee had the power to sell the products of the land, as he would not otherwise have been able to carry out the purposes of the trust. Therefore, for any of the products which the trustee may have sold to the appellants for *cash*, and not as a payment on any precedent indebtedness, the appellants would not be chargeable.

*Second.* The trustee had no power to contract debts for the trust estate so as to make it liable for their payment. Any credit extended to him was as an *individual*, and not as trustee. Creditors, however, have an equity when they can show that the articles furnished and sold were for the benefit of the trust estate, to subject the rents, issues, and profits to the payment of their claims. In the case of *Boggs* v. *Reid*, 3 Rich., 463, the Court says: "The duty of a trustee is to hold and employ the property for the benefit of the *cestui que trust*. Persons, therefore, who deal with him must do it upon his individual credit, and not upon the credit of the trust estate. Having the management of the estate, necessarily implies a power for its maintenance and support. He is authorized, therefore, to pay doctors' bills and taxes, to purchase plantation tools and the necessary supplies for the slaves, and to reimburse himself out of the proceeds of the crop. But that is a matter with him and the *cestui que trust*, with which the creditors have nothing to do. They are the creditors of the trustee and not of the estate, and even the trustee is not authorized to pledge the capital, but must keep the expenditures within the income of the estate." That case also contains other language applicable to this case. The appellants, under the principles just stated, are not chargeable with so much of the products as

they can show were delivered to them in satisfaction of advancements made by them for the benefit of the trust estate, or in educating and supporting the children.

*Third.* If it should be found as a fact that the alleged permanent improvements were necessary for the enjoyment of the trust estate, such as the Court of Equity would then have sanctioned, if application had been made to it for permission to invest the income therein, then the appellants should be relieved from liability for receiving said products to the extent that the said improvements imparted value to the land by reason of any advancements which the appellants may have made for that purpose. *Lewis* v. *Price*, 3 Rich. Eq., 173.

*Fourth.* The appellants are chargeable with such of the products as were delivered to them in satisfaction of any individual indebtedness of John B. Neal or of his wife, as this was a clear violation of the trust.

The last objection to the complaint relied upon by the appellants on their oral demurrer was: "Because, if the allegations of the complaint are true, the trustees should have brought action for claim and delivery of personal property, at the time of the conversion, for the recovery of the specific property taken." This objection is disposed of by what was said in considering the third objection.

The appellants set up the defense of the statute of limitations, and contended that in any event the adult children were barred. This question was not passed upon by the Circuit Judge. We may say, however, that whether, even the adults are barred, will depend in a great measure upon the time when they received notice of the breach of trust. *Jones* v. *Goodwyn*, 10 Rich. Eq., 226; Wood on Lim. of Actions, section 208.

The appellants' twenty-third exception is as follows: "Because said deed of trust provides that if any of said children should die before the youngest of them comes of age, and such child or children so dying should leave bodily heirs,

the share or shares of such child or children so dying shall be divided equally between them; and as said event has not happened whereby said land is to vest in said children, the decree to account and pay over to the plaintiffs is itself a perversion of the trust imposed by the said deed of trust upon said John B. Neal, and the Court erred in rendering the judgment herein for the said accounting to the said plaintiffs." John B. Neal is not before this Court as appellant. Furthermore, if it should be found, as alleged in the complaint, that John B. Neal was guilty of a breach of trust, and that the appellants participated in such wrongful act, with notice of the trust, they would be estopped from urging such objection. Again, the Court can, by proper orders, protect the rights of any who have an interest in any sum that may be recovered in this action.

Under the views herein expressed, this Court deems it best not to consider the questions of fact raised by the exceptions, but to remand the case for an accounting upon principles herein stated.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be modified, and the case remanded to that Court for such further proceedings as may be necessary to carry into effect the views herein announced.

MR. JUSTICE POPE did not sit in this case.