### EX PARTE SIMMONS.

INTESTATE'S ESTATE—CONTRACT—COMMISSIONS.—If a real estate broker contract with the administrator and heirs at law of an intestate to sell the real property of the deceased estate on commissions, he has no claim for commissions against the intestate's estate, but his claim is against the administrator and contracting heirs at law in their individual capacity.

MR. JUSTICE WOODS *dissents, and thinks adult heirs should pay their pro rata share of claim.*

Before GARY, J., Lexington, March, 1904.    Reversed.

*Ex parte* C. B. Simmons, *in re* Rosanna Connor *et al.,* against Chas. W. Connor *et al.*    From Circuit decree, plaintiffs and defendants appeal.

*Messrs. T. C. Sturkie* and *C. M. Efird,* for appellant.

*Mr. Andrew Crawford,* contra, cites: *Broker is entitled to his commissions in this proceeding:* 44 S. C., 228; 27 S. C., 161.

July 8, 1904.    The opinon of the Court was delivered by

MR. JUSTICE GARY.    John W. Connor died intestate, seized and possessed of certain lands, and leaving as his heirs at law his wife, Mrs. Rosanna Connor, and three sons, James W. Connor, Charles W. Connor, and H. Wilmot Connor, the latter being a minor.

Charles W. Connor was appointed administrator of his estate.    Some time after the death of the said John W. Connor, his heirs at law joined with the defendants, Rorer and Stone, in the execution of a contract for the sale of the timber on said lands.    After its execution it was deemed necessary to have the sale confirmed by the Court on account of the minority of H. Wilmot Connor.    Accordingly, an action was commenced for that purpose, and for partition of the

25—69

lands. During the progress of the proceeding it was ascertained that the administrator had not advertised for creditors, whereupon an order was taken to that effect.. Under this advertisement, C. B. Simmons presented a claim against said estate for $550, as commissions for making the sale to Rorer & Stone. The referee reported adversely upon this claim. Upon exceptions to said report, the Circuit Court set it aside, and ordered payment of the claim out of funds belonging to the estate of John W. Connor.

Even if this Court should concur with his Honor, the Circuit Judge, in his finding that there was an agreement for commissions, between C. B. Simons, the administrator and the other heirs at law, it was not a debt against the estate of the intestate, and it was error to order its payment out of funds belonging to said estate. The following authorities show that a debt contracted under such circumstances, is against the administrator in his individual capacity, and not against the estate of which he is the representative. *McBeth* v. *Smith,* 3 Brev., 511; *Ross* v. *Sutton,* 1 Bail., 126; *O'Neall* v. *Abney,* 2 Bail., 317; *Nebbe* v. *Price,* 2 N. & McC., 328; *Kinsler* v. *Holmes,* 2 S. C., 483; *Neal* v. *Bleckley,* 51 S. C., 506, 29 S. E., 249.

Whatever rights C. B. Simmons has in the premises, are against the parties with whom he contracted in their individual capacity, but he has no valid claim against the estate of John W. Connor. Furthermore, the sale of the lands did not pertain to the duties of the administrator.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

Mr. Justice Woods. I do not think the judgment should be reversed on the ground that the claim of C. B. Simmons was based on an alleged contract made with the heirs of the estate of John W. Connor, and not on an obligation of the intestate himself, for the reason that there is no exception covering that ground. There is no direct evidence of a contract for commissions to Simmons on the sale of the timber with any of the heirs except C. W. Connor. Mrs.

Rosanna Connor, the widow, testified C. W. Connor did not mention Simmons' name to her, and she knew nothing of his claim; but she says she had placed C. W. Connor at the head of the business after her husband's death; that he consulted with her about the sale, and that she referred Simmons and the persons with him who wished to buy to C. W. Connor. James W. Connor says: "I did not at any time employ Mr. C. B. Simmons to sell the timber of my father's estate. I left it all to my brother Charley, who was the administrator of my father's estate." The testimony is sufficient to support the Circuit decree, that these parties were bound by the contract with Simmons made by C. W. Connor for commissions on the sale of the timber. H. Wilmot Connor, one of the sons, being an infant, the contract of the other heirs for the commissions was not binding on him.

The judgment of the Circuit Court should be modified, so as to require the payment of one-third of the claim from the share of the widow and two-ninths from each of the shares of C. W. Connor and J. W. Connor.